# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## MISC. NO. 1:06MC11

| | |
|---|---|
| JAMES E. MACALPINE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| THE UNITED STATES and ) | |
| FIRST CITIZENS BANK, ) | |
| ) | |
| Respondents. ) | |

**THIS MATTER** is before the Court on the Petitioner's *pro se* petition to quash the third-party summons issued by the Internal Revenue Service (IRS).

On January 6, 2006, the undersigned dismissed another such petition for lack of jurisdiction. **See, McAlpine v. The United States and Central Carolina Bank, Miscellaneous Case No. 1:05mc237.** Although the Petitioner spelled his name differently in that matter, it is clear that he is the same individual who has now brought another petition.

Petitioner failed to attach a copy of the summons which he seeks to quash. He notes that the "IRS third-party summons are attached *or will be*

*provided to this court*." This failure alone warrants dismissal. Moreover, a taxpayer seeking to quash a third-party summons must "mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice" within twenty days after the summons is mailed. **26 U.S.C. § 7609(b)(2)(B).** Thus, the Petitioner must file proof of service on the party to whom the third-party summons was mailed and the office designated by the Secretary in the notice. Failure to do so deprives the district court of jurisdiction to entertain the proceeding. ***Villella v. United States*, 2000 WL 968773, \*2 (S.D.N.Y. 2000) (citing *Dorsey v. United States*, 618 F. Supp. 471, 474 (D. Md. 1985)).** "This failure to comply strictly with Section 7609(b)(2)(B) results in a finding . . . that the [United States has] not waived [its] sovereign immunity and that the petition to quash those summonses must be dismissed." ***Maikranz v. United States*, 612 F. Supp. 590, 591 (S.D. Ind. 1985).**

The Petitioner has not filed proof of such mailing to the parties to whom the summonses issued or to the office designated by the Secretary. Thus, this Court has no jurisdiction and the proceeding must be dismissed. ***Vaughan v. United States*, 2002 WL 1058118 (E.D.N.C. 2002) (petitioner served the party to whom the summons issued and the IRS**

**but failed to serve the office designated in the notice; thus, the court had no jurisdiction);** *Zimmerman v. United States*, **2000 WL 1280908 (E.D. Cal. 2000) (petitioner failed to file proof of service; therefore, the court had no jurisdiction);** *Franklin v. United States*, **581 F. Supp. 38 (E.D. Mich. 1984) (jurisdictional defect cannot be cured).**

Moreover, this is the second such filing made by the Petitioner within two months. Federal Rule of Civil Procedure 11 provides in pertinent part:

> By presenting to the court . . . a pleading, . . . an . . . unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances-
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims . . . are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . .;
> (3) the allegations and other factual contentions have evidentiary support or, . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

**Fed. R. Civ. P. 11(b).** The Court considers the Petitioner's conduct in filing this matter to be frivolous and done to harass the IRS and/or the judicial system. *Pro se* litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. ***Demos v. Keating*, 33 Fed. Appx. 918 (10th Cir.**

2002); ***Tinker v. Hanks***, **255 F.3d 444, 445 (7th Cir. 2001)**; ***In re Vincent***, **105 F.3d 943 (4th Cir. 1997).** The Petitioner is hereby warned that future frivolous filings may result in the imposition of sanctions pursuant to Rule 11 and this Court's inherent powers. Such sanctions may include directives of a non-monetary nature, an order to pay a penalty into court, an order directing payment of reasonable attorneys' fees incurred, and/or an injunction against making any filings within the Western District of North Carolina. ***Vestal v. Clinton***, **106 F.3d 553 (4th Cir. 1997)**; ***Foley v. Fix***, **106 F.3d 556 (4th Cir. 1997)**; ***In re Head***, **19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994); 28 U.S.C. §1651(a);** ***In re Martin-Trigona***, **737 F.2d 1254 (2d Cir. 1984).**

**IT IS, THEREFORE, ORDERED** that the petition to quash is hereby **DISMISSED.**

Signed: March 15, 2006

Lacy H. Thornburg
United States District Judge