# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## MISC. NO.  1:06MC11

| | |
|---|---|
| JAMES E. MACALPINE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| THE UNITED STATES and ) | |
| FIRST CITIZENS BANK, ) | |
| ) | |
| Respondents. ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to alter or amend judgment.

On March 16, 2006, the undersigned dismissed the Petitioner's *pro se* petition to quash a third-party summons issued by the Internal Revenue Service for two reasons.  First, the petition did not include a copy of the summons, thus precluding the Court from ascertaining when the summons was served.  Second, the Petitioner did not attach proof that he had served copies of the petition to quash on the appropriate parties within 20 days of the date the summons was served.

Petitioner takes great care to lecture the Court about the fact that he could not attach proof of service until the United States Postal Service effected such service. This is incorrect; Petitioner was only obligated to attach to the petition proof that he had, in fact, mailed the petition, such as by attaching receipts for registered or certified mail. ***Shisler v. United States***, 199 F.3d 848 (6th Cir. 1999); ***Morgan v. United States***, 1985 WL 6337 (D. Minn. 1985).

Petitioner also claims that he has 120 days from the mailing of the petition to file proof that he did so. This argument stems from confusion with Federal Rule of Civil Procedure 4, relating to the filing of summonses after the initiation of a lawsuit by filing and serving a complaint. This Rule does not relate to a petition to quash a third-party summons.

Finally, no copy of the third-party summons has yet to be placed in the record of this matter.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to alter or amend judgment is hereby **DENIED**.


Signed: April 5, 2006

*/s/ Lacy H. Thornburg*

Lacy H. Thornburg
United States District Judge